**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **ANGELA E. MITCHELL and AGNIESZKA MARDIS**, individually and on behalf of all others similarly situated, | ) | Case No. 1:26-cv-1006 |
| | ) | |
| | ) | **CLASS ACTION COMPLAINT** |
| Plaintiff, | ) | |
| | ) | **FLSA COLLECTIVE ACTION COMPLAINT** |
| vs. | ) | |
| | ) | |
| **MAJOR HOSPITAL d/b/a MAJOR HEALTH PARTNERS** | ) | |
| | ) | |
| Defendant. | ) | |

***PLAINTIFF'S COMBINED RULE 23 CLASS ACTION AND FLSA COLLECTIVE ACTION COMPLAINT FOR DAMAGES***

Plaintiff Angela E. Mitchell ("Mitchell") and Agnieszka Mardis ("Mardis") (Mitchell and Mardis are collectively referred to herein as "Plaintiffs"), individually and on behalf of all others similarly situated, for their Complaint against Defendant Major Hospital d/b/a Major Health Partners ("Defendant" or "Major Health"), states and alleges as follows:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.,* and the Indiana Wage Payment Statute ("IWPS"), I.C. 22-2-5.

2. Plaintiffs bring this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of herself or themselves and other employees similarly situated." Mitchell brings this case individually and on behalf of other "similarly situated" persons who may join this case pursuant to §216(b) (the "Opt-Ins").

3. Plaintiffs also bring this claim as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the IWPS on behalf of other employees employed by Defendant in the State of Indiana. Plaintiffs' IWPS class action claims focus upon Defendant's failure to pay wages in full and on time based upon Defendant's unlawful and non-neutral time clock punch rounding schemes, including the rounding of time clock punches in at the beginning of a shift, time clock punches out at the end of a work shift, and the application of an automatically deducted meal break period of a certain duration (generally, 30 minutes) when meal break durations (time out and time back in) were not recorded and Defendant routinely took automatically deducted time from Plaintiff's time recorded on the time clock whether or not a Plaintiff took a meal break at all, whether or not a Plaintiff entered data to advise the Defendant that the Plaintiff's meal break was missed or interrupted, and regardless of the duration of the meal break (e.g., less than 30 minutes in length).

**JURISDICTION AND VENUE**

4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because those state law wage claims are so related to the FLSA claims to form part of the same case or controversy.

5. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant employed Plaintiffs in this District and Division and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District and Division.

**PARTIES**

6. Mitchell is an adult individual residing in New Palestine, Hancock County, Indiana. Mitchell has been employed by Defendant as a phlebotomist From March 2024 to the present.

7. Mardis is an adult individual residing in Arlington, Rush County, Indiana. Mardis has been employed by Defendant as a radiologic technologist from approximately 2022 to the present.

7. During their employment with Defendant, Plaintiffs have been employed as non-exempt employees who were paid on an hourly basis.

8. At all relevant times, Plaintiffs have been employees within the meaning of 29 U.S.C. § 203(e). Plaintiffs have been employees within the meaning of the IWPS at all relevant times.

9. At all relevant times, Defendant was an employer within the meaning of 29 U.S.C. § 203(d). At all relevant times, Defendant was an employer and subject to the IWPS.

10. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all relevant times, Plaintiffs have been employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12. Mitchell has attached her written Consent to Join this collective action.

## FACTUAL ALLEGATIONS

13. Defendant provides healthcare services at a hospital and other health center locations in Shelby County, Indiana.

### Unlawful Rounding of Kronos Time Clock Punch Facts

14. At all times relevant to this action, all of the Plaintiffs' and their similarly situated coworkers' compensable work time was recorded on Defendant's Kronos time clocks. While all recorded, compensable work hours were recorded on Defendant's Kronos time clock, Defendant rounded those Kronos time punches and did not pay wages for all compensable and recorded work time.

15. Plaintiffs and their similarly situated coworkers are and were common

victims of Defendant's compensation scheme whereby it illegally and impermissibly rounded time clock punches and log in entries in its favor and in a manner that failed to pay Plaintiffs and all similarly situated coworkers for significant compensable work hours.

16. Defendant has created a compensation scheme through a series of computer software commands (time punch rounding commands) programmed into Defendant's time clock software and payroll software, coupled with multiple company disciplinary rules regarding Kronos clock usage and tardiness that ensure that Defendant will always benefit from its time punch rounding scheme and guarantee that Defendant will take an impermissible and unfair financial advantage over its employees by rounding in a non-neutral fashion that results in enormous sums of unpaid hourly wages owed to Defendant's hourly paid employees on a cumulative basis.

17. At all times relevant, for Plaintiffs and all of Defendant's hourly-paid employees, Defendant used and uses an electronic time keeping system. Employees clock in by swiping employee badges in a computerized time clock or logging in to a program on a computer. Using this time clock or log in function, for each shift, the employee would record his/her actual time he/she began work for each shift and record the actual time the employee ended his/her work shift. If Defendant paid its non-exempt, hourly-paid employees wages and overtime based upon its machine(s)' actual time punches and log in entries, Defendant would likely have paid wages in compliance with the FLSA and the IWPS.

18. Defendant does not pay its employees' hourly-paid wages based upon actual employee time worked and based upon Defendant's own time punch/log in records.

19. Importantly, Defendant does not record its non-exempt, hourly-paid employees' work time in any other way. The only time records Defendant has to base its payment of wages on are the time records generated by its electronic time clocks and programs.

20. Defendant has created a policy and practice whereby it significantly adjusts downward and shaves time from its non-exempt, hourly-paid employees' time records and pays its employees wages for less than their full time worked and full time reported on Defendant's own time clocks and computer programs.

21. Based upon its long-standing policy and practice of manipulating and downwardly adjusting time from its non-exempt, hourly-paid employee time records, Defendant has been systematically underpaying its employees significant sums of wages and overtime compensation on a daily basis. The aggregate sum of unpaid wages for all of Defendant's Indiana employees based upon Defendant's non-neutral and self-serving rounding scheme is very substantial on a daily, weekly and annual basis.

22. Defendant's rounding can be determined from the face of Defendant's employees' time punch records and corresponding pay stubs. Defendant rounds all time punches and log in entries in its favor and to employees' detriment through a series of computer program commands written in the Kronos software along with a series of written rules distributed to employees governing discipline and Kronos time clock use. All rounding functions are programmed into Defendant's time clock and corresponding pay roll software and all rounding functions favor Defendant and harm employees.

23. Further, Defendant is rounding employee time punches and log in entries for Defendant's own financial benefit and for the sake of rounding alone. Defendant is not and has not made any determination or created any record for any shift for any employee that the employee was on the clock but not actively working. Moreover, as explained above, Plaintiffs and each similarly situated coworker was working from each Kronos punch in until each Kronos punch out. Defendant has no records to show that its self-serving rounding occurred based upon any observation or determination by Defendant that an employee subjected to rounding was not

working while on the clock during any shift. Defendant's records are the best and only records that show employees were working at all times punched in on Defendant's time clock. Employees were working when punched in on Defendant's time clock.

24. On a class-wide basis, Plaintiffs will need to obtain Kronos time clock data and pay roll records in discovery to provide specific dates and specific amounts of work time that Defendant rounded and did not pay, but Plaintiffs and every similarly situated class member was subjected to time clock rounding every work shift and every work week, resulting in unpaid wages and unpaid overtime every work week.

25. As stated above, Defendant's rounding can be determined from the face of its employees' time punch records and corresponding pay stubs. Defendant rounds all time punches in its favor and to employees' detriment in at least the following two ways: First, Defendant automatically deducts 0.5 hours from the time clock punches measuring every shift worked by every hourly-paid employee, taking the cumulative amount of time from each employee's punch in at the first principal work activity of each shift through the employee's punch out at the last principal activity of the shift and then subtracting from that cumulative total a full 0.5 hour amount. This amount is deducted automatically from each employee's recorded work hours every shift regardless of whether the employee is provided a bona fide meal period and regardless of the actual length of any meal period (e.g., was the meal period less than 30 minutes?, was the meal period less than 20 minutes?). Second, from each employee's time punches which have already been reduced by a full 0.5 hours, Defendant further reduces the net cumulative time downward in Defendant's favor by setting upon a scheme whereby Defendant rounds to the nearest one-tenth (0.1) of an hour, but sets up disciplinary rules that only permit rounding to benefit the Defendant - or cause discipline to the employee if rounding would theoretically benefit the employee.

26. Defendant further rigs its rounding scheme in its own favor through a series of time clock use and disciplinary rules that further guarantee all rounding will occur in a way that favors Defendant and works to the detriment of employees. For example, Major Health has a series of "Red Punch Detail Report" rules that favor it with rounding and work to the detriment of employees. Examples of these rules include:

> "1.3.7. Red next to punch = Staff member punched in or out late according to schedule in time clock. Kronos will flag employee as late in if they clock in 1 minutes after scheduled in time, but will not reduce any time. Kronos will start reducing the time worked by .10 starting at 6 minutes after scheduled start time. (Each .10 is set up as 6 minute increments.) Kronos will flag employee as late out if they clock out 6 minutes after their schedule out time. Kronos will start adding additional pay after 4 minutes by .10. (Each .10 is set up as 6 minute increments.);
>
> 1.3.8. Red = Staff member punched in or out early according to schedule in time clock. Employee can clock in 6 minutes before schedule in time and not be paid any additional hours. Kronos will flag you as early in. Kronos will flag an employee as early out if they clock out 1 minute before their scheduled time.
>
> 1.3.9 Employee will be paid using rounding to the ***newest*** tenth (6 minutes) practice."

(Emphasis added.)

27. As shown by red punch detail report rules above, employees are only permitted to clock in for a shift at a moment that is six (6) or fewer minutes before the start of a shift, but the employee is not paid for any of those six (6) minutes worked and recorded on the clock.[1] However, if an employee clocks in late, the employee is subject to be disciplined with a tardiness point or half-point even if the employee punches in only 1 minute late.

28. Defendant uses a thirty (30) minute auto deduction for a presumed meal period. According to one written rule, Defendant will pay for a meal period only if it lasted fewer than twenty (20) minutes. If an employee has a meal period that lasts less than 30 minutes, Defendant

---

[1]Major Health also has written Rule 4.5 which states "Staff members should be paid from the start of their scheduled shift or their clock in time, ***whichever is later***." (Emphasis added.)

rounds up in its favor and automatically deducts from the employee's recorded work hours a full 0.5 hours from the employee's cumulative work hours recorded on the time clock.

29. Defendant's automatically deducted 0.5 hour amounts for purported meal periods further create FLSA and Indiana statutory wage law violations as 1) Defendant does not keep sufficient records of whether a meal period was taken by an employee before automatically deducting a full 0.5 hours from that employee's recorded work time for the shift, 2) Defendant does not record or keep records of the duration of any meal period taken by an employee for any meal period (e.g., punch out to start the meal and punch back in to return to work duties) before deducting a full 0.5 hours from that employee's recorded work time for the shift, and 3) Defendant ignores its data that would otherwise enable an employee to request that Defendant forego an automatic 0.5 hour deduction from recorded work time because the employee did not get a meal break or had a meal period cut shorter than 30 minutes.

30. Further, Defendant is rounding employee time punches for Defendant's own benefit and for the sake of rounding alone. Defendant is not and has not made any determination or created any record for any shift for any employee that the employee was on the clock but not actively working. Defendant has no records to show that its self-serving rounding occurred based upon any observation or determination by Defendant that an employee subjected to rounding was not working while on the clock during any shift. Defendant's records are the best and only records that show employees were working at all times punched in on Defendant's Kronos time clock. Employees were working when punched in on Defendant's Kronos time clock.

31. Defendant's computer-programmed time rounding scheme, coupled with its disciplinary rules, harmed Plaintiffs and all of her similarly situated coworkers in the same way on a company-wide basis every work week. This rounding scheme has been harming Defendant's employees for many years. Based upon information and belief, this time rounding

scheme has been harming employees for three (3) or more years prior to the date the complaint was filed. Plaintiff's unpaid wages for regular and overtime hours and their damages under the FLSA and IWPS are representative of those owed to all of Defendant's Indiana-based workers subjected to the same time clock and pay roll software and same time punch rounding scheme.

32. Pursuant to its systematic, class-wide practices, Defendant is not compensating its hourly-paid employees for all time worked and recorded on a continuous work day basis.

33. All of Defendant's time rounding practices were intentionally computer programmed and performed to Defendant's advantage and the detriment and harm of Plaintiffs and all hourly-paid and non-exempt employees. Defendant's time punch rounding practices are not neutral, as required by the FLSA and corresponding Indiana law.

34. Defendant intentionally and knowingly violated its employees' rights to earned wages and earned overtime compensation through Defendant's unlawful and non-neutral time rounding schemes and Defendant's conscious decision to shave recorded work time and pay employees less in wages and overtime than the employees earned while performing work for the Defendant.

35. By way of this Complaint, Plaintiff seeks for herself and all other similarly situated hourly-paid employees, all wages, all overtime compensation, liquidated damages, statutory damages, statutory penalties and all damages owed. Additionally, Plaintiff seeks payment of her attorney's fees, costs and expenses. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA and the IWPS.

## COLLECTIVE ACTION ALLEGATIONS

36. Mitchell brings this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

37. The class that Mitchell seeks to represent and for whom Mitchell seeks the right to send "opt-in" notices for purposes of the collective action, and of which Mitchell herself is a member, is composed of and defined as follows:

> All current and former employees of Defendant who 1) were subjected to Defendant's rounding of Kronos time clock punches and/or 2) were not paid overtime at their full regular rate in one or more week at any time during the three (3) years preceding the date of the filing of this Action to the present and worked more than forty (40) hours in at least one workweek.

38. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Mitchell, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Mitchell is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

39. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## <u>CLASS ACTION ALLEGATIONS BROUGHT UNDER THE INDIANA WAGE PAYMENT STATUTE</u>

40. Mitchell and Mardis brins this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) On behalf of themselves and a class of persons employed by Defendant in Indiana within the last two years prior to the date the complaint was filed ("IWPS Class"), defined as:

> All current and former employees of Defendant employed at one or more of Defendant's locations in the State of Indiana who were paid on an hourly basis and used time clocks provided by Defendant at any time during the two (2) years preceding the date of the filing of this Action to the present.

41. The class is so numerous that joinder of all class members is impracticable. Plaintiff's are unable to state the exact size of the potential IWPS Class but, upon information and belief, that it consists of well over five hundred (500) people.

42. There are questions of law or fact common to the IWPS Class including: whether Defendant failed to pay its employees for all work time recorded on Defendant's own time clock (which Defendant unlawfully and non-neutrally rounded down in its own favor and did not fully pay), and whether that resulted in the underpayment of wages.

43. Plaintiffs will adequately protect the interests of the IWPS Class. Their interests are not antagonistic to but, rather, are in unison with, the interests of the IWPS Class members. Plaintiff's attorneys have broad experience in handling class action wage-and-hour litigation, and both are fully qualified to prosecute the claims of the IWPS Class in this case.

44. The questions of law or fact that are common to the IWPS Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the IWPS Class, listed above, are common to the class, and predominate over any questions affecting only individual class members.

45. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring IWPS Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many IWPS Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
## (FLSA Overtime Violations)

46. Plaintiffs incorporates by reference the foregoing allegations as if fully rewritten herein.

47. Plaintiff Mitchell and other similarly situated employees were not paid for hours worked and recorded on Defendant's Kronos time clock as a result of Defendant's non-neutral and computer-programmed rounding scheme that resulted in unpaid wages to employees.

48. Plaintiff Mitchell and other similarly situated employees regularly worked more than 40 hours per workweek for Defendant.

49. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for work time recorded on Defendant's Kronos time clocks resulted in Defendant's failure to pay Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, in violation of the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

50. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

51. As a result of Defendant's practices and policies, Plaintiff Mitchell and other similarly situated employees have been damaged in that they have not received overtime wages due to them pursuant to the FLSA.

**COUNT TWO**
**(Indiana Wage Payment Statute Violations)**

52. Plaintiff's incorporate by reference the foregoing allegations as if fully rewritten herein.

53. Plaintiffs and other similarly situated employees were not paid for work time recorded on Defendant's Kronos time clock, including time recorded at the beginning of a work shift, time recorded at the end of a work shift, and time working through part or all of any

supposed meal break. Plaintiffs and their fellow Plaintiffs were not paid for this recorded work time as a result of Defendant's computer programmed and non-neutral Kronos time clock rounding schemes.

54. Plaintiffs have statutory wage claims arising under the Indiana Wage Payment Statute, I.C. 22-2-5 and they are the Plaintiffs who represent the same or similar interests of all current Major Health hourly-paid employees and all of Major Health's former hourly-paid employees who voluntarily resigned from employment.

55. By way of this Claim, Plaintiffs ares seeking, individually and on behalf of members of the Plaintiff Class of current and former Major Health employees, all available damages, including all unpaid wages, all underpaid wages, all available liquidated (treble damages), all attorney's fees, costs and expenses, plus any other damage to which Plaintiffs and their fellow Plaintiff Class members may be entitled pursuant to law. Pursuant to I.C. 22-2-5-2, Plaintiffs are seeking, individually and on behalf of members of the Plaintiff Class, payment of unpaid wages, underpaid wages, plus all available damages, including, but not limited to, double the amount of wages due as additional monetary damage, plus all attorney's fees, costs and expenses.

56. Plaintiffs are expressly alleging that Defendant did not act in good faith when it failed to pay wages to Plaintiffs and the Plaintiff Class. Plaintiffs are expressly alleging that Defendant acted in bad faith when it failed to pay all recorded and earned wages to Plaintiffs and the Plaintiff Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Mitchell and Mardis, on behalf of herself and all persons similarly situated, pray that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in;

B. Certify this case as a class action under FRCP 23 as to the Indiana Wage Payment Statute Class

C. Enter judgment against Defendant and in favor of Plaintiffs and the Opt-Ins who join this case pursuant to the FLSA and the IWPS;

D. Award Plaintiffs and the putative class actual damages for unpaid wages and overtime compensation;

E. Award liquidated damages to the maximum amount permitted by applicable law (100% under the FLSA and all liquidated damages under the IWPS);

F. Award Plaintiffs and the Opt-In Class all liquidated damages, statutory damages, attorney's fees, costs and expenses for FLSA violations;

G. Award Plaintiff Jackson and all IWPS Class Members all unpaid wages, all liquidated and statutory damages, attorney's fees costs and expenses for IWPS violations;

H. Award Plaintiffs and the putative class attorney's fees, costs and disbursements; and

I. Award Plaintiff and the putative class further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/Robert P. Kondras Jr.
Robert P. Kondras, Jr. (18038-84)
HASSLER KONDRAS LLP
100 Cherry St.
Terre Haute, IN 47807
Telephone: 812-232-9691
Facsimile: 812-234-2881
Email: kondras@hklawfirmllp.com

/s/Robert J. Hunt
Robert J. Hunt (#30686-49)
The Law Office of Robert J. Hunt, LLC
1905 South New Market Street, Ste 168
Carmel, IN 46032

Telephone: (317) 743-0614
Facsimile: (317) 743-0615
E-mail: rob@indianawagelaw.com

Attorneys for Plaintiffs